THE SHELL Co. (PORTO RICO) LTD., Plaintiff and Appellant, *v.* MARÍA GARCÍA BUXÓ DE PATXOT ET AL., Defendants and Appellees.

No. 6768. Argued December 10, 1934.—Decided December 13, 1934.

Samuel R. Quiñones for appellant. González Fagundo & González, Jr., for appellees.

Mr. Justice Córdova Dávila delivered the opinion of the Court.

María García Buxó de Patxot constituted a voluntary mortgage in favor of The Shell Co. on a property belonging to her. The property having been sold later to Cristina and Ana Rodríguez, the mentioned corporation claimed the indebted amount by a summary mortgage foreclosure proceeding brought against the original debtor María García Buxó and the purchasers of the mortgaged property. The court ordered the writ demanding payment to be served on the defendants María García Buxó as original debtor and Cristina and Ana Rodríguez García as third parties in possession of the mortgaged realty. The marshal served the writ on Miguel de Celis in his capacity as lessee of the property, as the defendants were not domiciled in the judicial district of Humacao. The proceeding followed its course and the same day on which the auction sale of the mortgaged property took place, the defendants Cristina and Ana Rodríguez informed the marshal, by means of a motion delivered to said officer, that on that date they had "brought an action in the District Court of the Judicial District of Humacao praying the nullity of this mortgage foreclosure on the grounds stated in the complaint of said action." The property was awarded to the mortgage creditor, who, before the deed of sale was executed by the marshal, moved the court to set aside all the judicial proceedings subsequent to the issuance of the writ demanding payment and requested as well that said writ would be served anew in the manner prescribed by law. The lower court annulled the proceedings in compliance with the request of the mortgage creditor.

The plaintiff then filed a second complaint within the same proceeding. A new writ demanding payment was issued and upon service thereof being made on the Ana and Cristina Rodríguez, third parties in possession, the latter asked the court to set aside its order annulling the proceedings on the

ground that the same was issued "without jurisdiction therefor, inasmuch as the mortgage foreclosure instituted by the plaintiff came to an end with the auction sale held by the marshal on June 7, 1933 and the award of the mortgaged property to the plaintiff; and the court would only have jurisdiction to put the plaintiff into the material possession of the mortgaged property but not to decree the nullity of the proceeding as a whole, for what is therewith intended is to frustrate the action of nullity No. 17447 instituted by your petitioners against the plaintiff herein before this Hon. Court." It is alleged in this action of nullity that the service of the writ demanding payment is totally void and contrary to the provisions of the Mortgage Law and its Regulations.

The lower court held that once the mortgaged realty was awarded to the plaintiff at public auction, its jurisdiction to annul the proceeding ceased to exist, and, holding this view, it restored things to their status at the end of the auction sale, and set aside the order annulling the proceedings carried out after the issuance of the writ demanding payment.

Feeling aggrieved by this order, the plaintiff appealed therefrom giving notice of the appeal to the attorney for Ana and Cristina Rodríguez y García, who moved for its dismissal on the ground that notice thereof was not given to the original debtor, María García Buxó. The plaintiff opposed to a dismissal on the ground that no adverse party can be spoken of in a mortgage foreclosure proceeding, that this proceeding has not the character of a contested trial, that the mortgage debtor is not a party to the same, and that this Court has so declared in *El Banco Territorial y Agrícola* v. *Cintrón,* 7 P.R.R. 194. The appellant also argues that Section 129 of the Mortgage Law provides that where the property passes into the hands of a third party, all the judicial proceedings prescribed in Section 128 of the same Law shall be directed against him, the possessor being subrogated in place of the debtor.

The question herein set forth is rather curious, for an appeal must be notified to the adverse party or its attorney, and neither the original debtor nor even the third parties in possession could be considered as adverse parties unless they would be affected or aggrieved by a reversal or modification of the judgment or order appealed from. If the record in this case is examined, it will be seen that there is no contest as to the allegation of nullity of the judicial proceedings carried out after the issuance of the first writ demanding payment. The discrepancy arises as to the proceeding. The appellant thinks that the court could have decreed the nullity within the mortgage foreclosure proceeding and the third parties are of opinion that this nullity should be decreed in the declaratory trial they have instituted. The mortgage debtor has nothing to do with these contentions which are intended for only one purpose and which, if we are to rely on the admissions appearing from the record, will bring about the nullity of the judicial proceedings, whatever may be the course finally adopted. María García Buxó is not an aggrieved party, and therefore the appellant was not bound to give her notice of the appeal.

The motion to dismiss this appeal must be denied.